UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


VASILIY EVSTEGNEEVA,          )
                              )
        Plaintiff             )
                              )
v.                            )     No. 2:14-cv-10-NT
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social Security, )
                              )
        Defendant             )


***RECOMMENDED DECISION ON FAILURE TO RESPOND TO ORDER TO SHOW CAUSE***


In this appeal from a decision of the Social Security Administration denying the plaintiff's application for benefits, *see* Complaint (ECF No. 1), the plaintiff has failed to file his itemized statement of specific errors, despite being given several opportunities to do so. I recommend that the action be dismissed.

**Background**

On April 28, 2014, pursuant to Local Rule 16.3, this court entered a procedural order requiring the plaintiff to file his itemized statement of specific errors ("SOE") and fact sheet "within sixty (60) days of the filing of the transcript and answer." ECF No. 10. The defendant's answer and the administrative record, including the transcript of the oral hearing, had been filed earlier that day, and, therefore, the plaintiff's SOE and fact sheet were due on June 27, 2014. ECF Nos. 8, 9, 10. On June 27, 2014, the plaintiff's then-retained counsel filed a motion to withdraw from representing the plaintiff. ECF No. 11. Because the motion to withdraw was filed on the

1

day that the plaintiff's SOE was due, I granted the plaintiff an extension of the deadline, stating in relevant part:

> Because [the plaintiff's counsel's] unopposed motion to withdraw was filed on the date that the plaintiff's itemized statement of errors and fact sheet were due, ECF No. 10, the court, sua sponte, extends the plaintiff's deadline to file his itemized statement of errors and fact sheet by 30 days, to July 28, 2014 (July 27 being a Sunday). The plaintiff shall file via the appearance of replacement counsel or file pro se his statement of errors and fact sheet by July 28, 2014.

ECF No. 12. No SOE was filed by the July 28 deadline.

On July 30, 2014, I entered an order directing the plaintiff to show cause why this appeal should not be dismissed for failure to file the itemized statement of errors and fact sheet required by this court's Local Rule 16.3(a)(2). Order to Show Cause (ECF No. 13). The order instructed the plaintiff to respond no later than August 13, 2014. *Id*. He has failed to do so.

## Discussion

The order to show cause was an invitation to the plaintiff to demonstrate good cause for his failure to comply with Local Rule 16.3(a)(2). His failure to respond to the order results in a failure to demonstrate that this action should be retained on the court's docket. Accordingly, I recommend that this action be dismissed. *See, e.g., Harmon v. Bullock*, 21 Fed.Appx. 9, 10, 2001 WL 1388913, at **1 (1st Cir. Oct. 9, 2001). *See generally* Order Affirming Recommended Decision on Order to Show Cause and Denying Motion for Extension of Time (ECF No. 21), *Stern v. Colvin,* No. 2:12-cv-326-JAW (D. Me. July 22, 2013) (under virtually identical circumstances, requiring *pro se* plaintiff seeking additional time to file SOE to state amount of time requested and to show due diligence, explain why no *pro se* filing was made, and explain why extension of time was not sought before deadline set in order to show cause expired in order to avoid dismissal).

In his motion to withdraw, the plaintiff's former counsel indicated that the plaintiff does not speak English. ECF No. 11. At hearing before the administrative law judge, the plaintiff testified that he was taking English classes and could read English but "not always understand words I read." ECF 9-3 at 20 (Record at 65). The plaintiff's apparent difficulties with English notwithstanding, notice in the English language is generally deemed sufficient, even for *pro se* claimants who do not speak English. *Tineo v. Barnhart*, No. 01 CIV. 11636 (NRB), 2002 WL 31163889, at *5 (S.D.N.Y Sept. 20, 2002) (vacated on other grounds, Oct. 21, 2003). *See also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither *pro se* status nor illiteracy basis for equitable tolling of filing deadline); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988) (neither *pro se* status nor lack of familiarity with English language and American court system constitute good cause for failure to raise claim).

## Conclusion

For the foregoing reasons, I recommend that this action be dismissed.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of August, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge